MINUTE ENTRY
ROBY, M.J.
8/28/2019

## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **EVELINA HARRIS, ET AL.** | **CIVIL ACTION** |
| **VERSUS** | **NO. 18-03317** |
| **CELADON TRUCKING SERVICES, INC., ET AL.** | **SECTION: "B" (4)** |

LAW CLERK:      Destinee N. Andrews
COURT REPORTER:   Sandra Minutillo

Appearances:    **M. David Ready** & **David Mark Schroeter** for Defendant Celadon Trucking Services, Inc.
                **Pedro F. Galeas** for Non-Party Guardian Care, LLC

## ORDER

Before the Court is a **Motion to Quash Subpoena (R. Doc. 44)** filed by Non-Party Guardian Care, LLC seeking an order from this Court quashing subpoena to produce documents, information, or objects or to permit inspection of premises in civil action (R. Doc. 44-2). The motion is opposed. R. Doc. 49. The Court held oral argument on this motion on August 28, 2019.

### I.    Background

Plaintiffs Evelina Harris and Winthrop Carrie filed the instant action in the United States District Court on March 28, 2019. R. Doc. 1. This litigation is one of many that arises from tractor-trailer and passenger-vehicle collisions that occurred on Interstate 10 east in New Orleans near the Louisa Street exit. R. Doc .49, p. 2. Plaintiffs allege, this specific incident occurred on April 10, 2017, when a tractor-trailer operated by driver Defendant Marvin Register, and on behalf of Defendant Celadon Trucking Services, Inc ("Celadon"), side-swiped a 2008 Nissan Altima driven by Darriona Broussard with Plaintiffs as passenger. R. Doc. 1, p. 2.

**MJSTAR: 00:28**

As to the instant motion, non-party Guardian Care, LLC ("Guardian"), has filed a motion to quash averring general objections to the subpoena as a whole. Specifically, Guardian objects to the subpoena because it believes the requests to be irrelevant, overbroad, and unduly burdensome. Of note, Guardian provides two examples the subpoena requests information not particular to the patient Plaintiffs party to this litigation such as: 1) the subpoena request that Guardian produce a list of all patients which were treated at guardian that used a case funding company to finance the payment of their medical expenses, and 2) the subpoena requests that Guardian produce a list of all patients that were treated at Guardian who were represented by various local law firms that have nothing to do with the case. R. Doc. 44-1, p. 2.

In support of its argument, Guardian avers that Defendants have not shown good cause to produce the information via subpoena. More specifically, however, Guardian cites to *Haydel v. State Farm Mut. Auto. Ins. Co.*, No. CV 07-939-C-M2, 2009 WL 10679318, at *1 (M.D. La. July 27, 2009), which stood for the proposition that "in the absence of any evidence demonstrating that a particular medical service provider has a 'track record' of testifying as an expert in favor of personal injury plaintiffs, the requestor of information that is totally unrelated to the patient's treatment is not entitled to the production of such information" and "[s]peculative beliefs on their own do not justify discovery into a medical provider's relationships with other patients or attorneys who are completely unrelated to the lawsuit associated with the subpoena duces tecum." R. Doc. 44-1, p. 3.

Defendant Celadon does not refute the persuasive authority of this cases. Instead, Defendants aver they can meet this threshold burden of demonstrating Guardian's "track record" of repeatedly testifying as an expert in favor of personal injury plaintiffs. Specifically, Defendants

2

aver that even though Non-party Guardian has made broad general objections to the subpoena as a whole, Guardian's real issue with Subpoena Topics Nos. 27, 28, and 29, which request:

> 27. Copies of any and all documentation concerning patient referrals to or from Medport, LA, L.L.C.; Total Medical Concepts, L.L.C.; M.D. Billing Services, L.L.C.; Crescent View Surgery Center; Eric Lonseth, M.D., APMC d/b/a Lonseth Interventional Pain Centers; One Spine Institute, L.L.C.; Vanessa Motta; Motta Law, L.L.C.; Lionel Sutton, III; The King Firm, L.L.C.; Irpino Law Firm, L.L.C.; Pandit Law Firm, L.L.C.; and Baer Law, L.L.C.
>
> 28. A list of all patients treated at your facility who were represented by Vanessa Motta; Motta Law, L.L.C.; Lionel Sutton, III; The King Firm, L.L.C.; Irpino Law Firm, L.L.C.; Pandit Law Firm, L.L.C.; and/or Baer, Law, L.L.C.; All identifying information of any patients other than Winthrop Carrie may be redacted for privacy concerns.
>
> 29. A list of all patients treated at your facility who had payments made to you on their behalf by Medport, LA, L.L.C., Total Medical Concepts, L.L.C., M.D. Billing Services, L.L.C., and/or Crescent View Surgery Center. All identifying information of any patients other than Winthrop Carrie may be redacted for privacy concerns.

R. Doc. 44-2, p. 4-5. Defendants aver that the information in such records request are highly relevant to investigate Plaintiff's alleged injuries, the treatment and costs associated with the same, and the credibility and bias of Guardian Care and its Physicians. R. Doc. 49, p. 4.

## II. **Standard of Review**

Federal Rule of Civil Procedure 45(d)(3) governs the quashing or modifying of subpoenas. The Court must quash or modify a subpoena that "(i) fails to allow a reasonable time to comply; (ii) requires a person to comply beyond the geographical limits specified in Rule 45(c); (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or (iv) subjects a person to undue burden." Fed. R. Civ. P. 45(d)(3)(A)(i)-(iv). The Court may also modify or quash a subpoena that requires the disclosure of a trade secret or an unretained expert's opinion that does not describe specific occurrences in dispute and results from that expert's study that was not requested by a party. Fed. R. Civ. P. 45(d)(3)(B).

3

Subpoenas under Rule 45 may be served upon both party and non-parties. *Petit v. Heebe*, No. 15-3084, 2016 WL 1089351, at *2 (E.D. La. Mar. 21, 2016). However, in order to challenge the subpoena, the movant must: be in possession or control of the requested material; be the person to whom the subpoena is issued; or have a personal right or privilege in the subject matter of the subpoena or a sufficient interest in it. *See Brown v. Braddick*, 595 F.2d 961, 967 (5th Cir. 1979); *see also Johnson v. Mixon*, No. 13-2629, 2014 WL 1764750, at *4 (E.D. La. May, 2, 2014).

"Both Rules 45 and 26 authorize the court to modify a subpoena duces tecum when its scope exceeds the boundaries of permissible discovery or otherwise violates the parameters of Rule 45." *Hahn v. Hunt*, No. 15-2867, 2016 WL 1587405, at *2 (E.D. La. Apr. 20, 2016) (Wilkinson, C.M.J.). Federal Rule of Civil Procedure ("Rule") 26(b)(1) provides that "[p]arties may obtain discovery regarding any non-privileged matter that is relevant to any party's claim or defense . . ." Rule 26(b)(1) specifies that "[i]nformation within the scope of discovery need not be admissible in evidence to be discovered." Rule 26(b)(1) also specifies that discovery must be "proportional to the needs of the case, considering the important of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." *Id.*

Under Rule 26(b)(2)(C), discovery may be limited if: (1) the discovery sought is unreasonably cumulative or duplicative, or is obtainable from another, more convenient, less burdensome, or less expensive source; (2) the party seeking discovery has had ample opportunity to obtain the discovery sought; or (3) the proposed discovery is outside of the scope permitted under Rule 26(b)(1).

Rule 26(c) governs the issuances of Protective Orders in discovery. A Court may "for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." Fed. R. Civ. P. 26(c)(1). The rule offers a variety of potential options that the Court may use to protect the moving party, including forbidding or limiting the scope of discovery into certain matters or requiring that a trade secret or other confidential commercial information not be revealed or be revealed in only a certain way. Fed. R. Civ. P. 26(c)(1)(D), (G).

"The party seeking the protective order bears the burden to show 'the necessity of its issuance, which contemplates a particular and specific demonstration of fact[.]'" *Cazaubon v. MR Precious Metals, LLC*, 14-2241, 2015 WL 4937888, at *2 (E.D. La. Aug. 17, 2015) (quoting *In re Terra Int'l*, 134 F.3d 302, 306 (5th Cir.1998)). The trial court enjoys wide discretion in setting the parameters of a protective order. *See Seattle Times Co. v. Rhinehart*, 467 U.S. 20, 36 (1984) ("To be sure, Rule 26(c) confers broad discretion on the trial court to decide when a protective order is appropriate and what degree of protection is required.").

### III.  Analysis

As an initial note the Court recognizes that Subpoena Requests Nos. 1-5, 7-22, and 25-26 pertain directly to Guardian's treatment of patient Plaintiff Winthrop Carrie. Therefore, Guardian's argument that the information sought in those requests "have nothing to do with the nature and extent of the injuries and medical treatment received by plaintiff which is at issue in this litigation" is a nullity. Moreover, at the hearing, after going step-by-step through each request, Guardian verbally acknowledged that it has no objections to Subpoena Requests Nos. 1-26. Specifically, Guardian attested "we have no opposition to producing invoices [and] medical records."

The Court next acknowledges the issue raised by Guardian at oral argument that it does not believe that such requested information exists. When asked how counsel knows this information

5

does not exist, counsel for Guardian indicated that he called Guardian's administrator to direct it produce it, and nothing was ultimately produced. The Court is of the opinion that Guardian's enrolled counsel of record current practice of ensuring the client's compliance with subpoena requests does not satisfy counsel's duty to the Court to verify that the client is telling the truth. As such, the Court ordered Guardian's enrolled counsel of record to go to the place of business records to directly aid and facilitate in the production of such requested information.

Guardian reasserted their objection of relevancy and breadth as to Subpoena Requests Nos. 27, 28, & 29. Specifically, Guardian argued that in order for Defendants to have a right to this sort of information Defendants need to prove some sort of affirmative evidence of bias. While the Court understands the basis of Defendant's conspiracy argument evincing bias; nevertheless, the Court instead rested its decision on the fact that this is discovery.

The Court will not indulge in the chicken or the egg causality dilemma. A party clearly has the right to inquire as to the bias or prejudice of any witness. *Rogers v. Crosby Tugs, Inc.*, No. CV 12-2453, 2016 WL 9406114, at *1 (E.D. La. Jan. 22, 2016). As such, "[e]vidence regarding witness credibility and potential bias is relevant." *Firefighters' Ret. Sys. v. Citco Grp. Ltd.*, No. CV 13-373-SDD-EWD, 2018 WL 1229752, at *3 (M.D. La. Mar. 9, 2018).

In order for the Defendants to demonstrate bias in the form of more concrete evidence, Guardian must produce some discovery. The question of whether or not such evidence will be admitted for use at trial is a different question for a different day. The Court further finds that *Haydel* is not entitled to great weight where the Magistrate Judge in that case found "the information requested in the subject subpoenas would likely do little to establish [the doctor's] alleged bias" and the requests were not narrowed to the attorneys directly related to the lawsuit. *Haydel*, 2009 WL 10679318, at *3. In this case, the Court tends to believe Guardian's production

of such information could suggest bias, and, as such, the Court finds that such information is relevant and properly discoverable.

Albeit, the Court will sustain Non-Party Guardian Care's objections of over breadth. At the hearing, Defendant Celadon conceded Subpoena Requests Nos. 27, 28, & 29's far-reaching scope, and, that as written, it is well overbroad. Addressing first the lack of temporal limitation, the Court narrowed the request to six (6) months preceding and following the date of loss, April 10, 2017. The Court is of the opinion that this date frame is long enough to evince some sort of bias over time.

As to the content, the Court narrows the request to know who—whether and which lawyers' firm or litigation funding companies—the referral came from, which doctor—whether Dr. Eric Lonseth of Dr. Peter Liechty—got the referral, and the number of patients—without mention to names or other identifying information—each doctor received per referral source. Addressing relevance, the Court notes that the Defendant is only entitled to know information based on the two (2) litigation factoring companies—Medport, LA, L.L.C. and Total Medical Concepts, L.L.C.—and the three (3) law firms—Motta Law/ Vanessa Motta, Lionel Howard Sutton III, and Baer Law LLC/Jason M. Baer—that are directly involved in this case. *See Haydel*, 2009 WL 10679318, at *3. As such, the Court limited the inquiry to just that information.

At the hearing the Court orally ordered Non-Party Guardian to produce this information no later than Friday, September 20, 2019. The Court, as a final remark, noted that should Non-Party Guardian Care, LLC's counsel find that such information does not exist, after a diligent search, he needs to produce an affidavit saying the same, and if Guardian Care, upon search of this information finds any of the information confidential, it needs to produce a privilege log saying the same.

## IV.     Conclusion

Accordingly,

**IT IS ORDERED** that Non-Party Guardian Care, LLC's Motion to Quash Subpoena (R. Doc. 44) is **DENIED**.

**IT IS FURTHER ORDERED** that Defendant Celadon Trucking Services, Inc.'s Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of premises in Civil Action (R. Doc. 44-2) is to be **MODIFIED** as orally stipulated on the record and reduce to writing herein.

New Orleans, Louisiana, this 26th day of September 2019.

**KAREN WELLS ROBY**
**CHIEF UNITED STATES MAGISTRATE JUDGE**